UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

TIMOTHY SCOTT,

    Plaintiff,

v.                                   CASE NO.:    3:19-cv-294

BANK OF AMERICA, N.A.;
EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; and
TRANS UNION, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §§ 1681a–x (Fair Credit Reporting Act or "FCRA").

2. Parties that create consumer reports, like Defendants Equifax, Experian, and TransUnion, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Defendant Bank of America, particularly where a consumer makes a dispute about information reported.

3. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Bank of America. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

2

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

5. Plaintiff brings claims for his actual and punitive damages against Defendants for their inaccurate reporting of Bank of America accounts he never opened, and for their failure to investigate his disputes of that inaccurate reporting.

## JURISDICTION AND VENUE

6. The Court's subject-matter jurisdiction is conferred by 15 U.S.C. § 1681p and 28 § U.S.C. 1367.

7. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as all of the Defendants do substantial business here, maintain their actual and/or registered offices within this District, and a significant part of the facts giving rise to Plaintiffs' claims occurred here.

8. The Plaintiff is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c).

9. BANK OF AMERICA, N.A. is a corporation incorporated under the State of Delaware authorized to do business in the State of North Carolina through its principal executive offices located in the Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina 28255.

10. Bank of America, N.A. is a "furnisher of information," as courts interpreting the FCRA define and use that term.

11. Equifax Information Services, LLC (hereinafter "Equifax"), is a corporation incorporated in the State of Georgia, authorized to do business in the State of North Carolina

3

through its registered agent, The Prentice Hall Corporation System, located at 2626 Glenwood Avenue, Suite 550 Raleigh, NC 27608.

12. Equifax is a "consumer reporting agency" ("CRA") as defined in 15 U.S.C. §1681a(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

13. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14. Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation headquartered in California, authorized to do business in the State of North Carolina through its registered agent, C T Corporation System, located at 160 Mine Lake Court Suite 200 Raleigh, North Carolina 27615-6417.

15. Experian is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

16. Experian disburses such consumer reports to third parties under contract for monetary compensation.

17. Trans Union LLC (hereinafter "TransUnion") is a corporation headquartered in Illinois, authorized to do business in the State of North Carolina through its registered agent, Prentice-Hall Corporation System, located at 2626 Glenwood Avenue, Suite 550 Raleigh, North Carolina 27608.

18. TransUnion is a "consumer reporting agency," as defined by 15 U.S.C. §1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

19. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

20. In or about December 2017, Plaintiff received letters from debt collector Client Services, Inc. concerning alleged debts owed on two Bank of America credit card accounts.

21. In or about April 2018, Plaintiff received letters from debt collector Mercantile Adjustment Bureau concerning alleged debts owed on two Bank of America credit card accounts.

22. Per both debt collectors, the alleged amounts Plaintiff owed to Bank of America were $5,130.23 for account ending 3753 and $1,203.77 for account ending 0293.

23. In or about October 2018, Plaintiff filed a *pro se* complaint in North Carolina state court alleging violations of the Telephone Consumer Protection Act against these debt collectors, stating that he received harassing phone calls and denying a contract with these companies. When receiving calls from both debt collectors, Plaintiff advised that the two Bank of America credit card accounts did not belong to him and he only had a checking/savings account with Bank of America.

24. In or about November 2018, Plaintiff confirmed that Bank of America was adversely reporting two credit card accounts that never belonged to him to Equifax, Experian, and TransUnion.

25. On or about November 15, 2018, Plaintiff mailed written dispute letters to Equifax, Experian, and TransUnion concerning Bank of America's inaccurate reporting.

26. In or about December 2018, Plaintiff mailed a written dispute letter directly to Bank of America.

27. On or about January 19, 2019, Plaintiff mailed a second dispute letter to Equifax.

28. On or about February 4, 2019, Plaintiff mailed a second dispute letter to Bank of America.

29. Discovery will show that when the Plaintiffs mailed his detailed, written disputes and enclosures to the CRAs, they use a dispute system named, "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers such as Bank of America. It is an automated system and the procedures used by the CRAs are systemic and uniform.

30. When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

31. The ACDV form is the method by which Bank of America has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).On or about December 1, 2018, Experian responded to Plaintiff's November 15 dispute letter stating that "the company [Bank of America] that reported the information has certified to Experian that the information is accurate. This information was not changed as a result of our processing your dispute. Please review your report for the details."

32. In other words, Bank of America confirmed to Experian that Plaintiff owed the debt, even though he never opened either Bank of America credit card account.

33. On or about December 7, 2018, TransUnion responded to Plaintiff's November 15, 2018 dispute letter stating that "We investigated the information you disputed and updated: Not specified." No changes were made to the Bank of America entries for both unauthorized credit card accounts.

34. So, as with Experian, Bank of America confirmed to TransUnion that Plaintiff owed the debt even though he never opened either of the disputed credit card accounts.

35. Based on the manner in which the CRAs responded to – or did not respond to – each of Plaintiff's disputes, representing that Bank of America had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Experian and TransUnion did in fact forward the Plaintiff's disputes via an ACDV to Bank of America.

36. Bank of America understood the nature of the Plaintiffs' disputes when it received the ACDVs from Experian and TransUnion.

37. To date, Equifax has not responded to either of Plaintiff's dispute letters.

38. On or about January 28, 2019, Plaintiff received a letter from Bank of America dated January 24, 2019 confirming no fraud occurred on "his" account ending 0293.

39. On or about February 4, 2019, Plaintiff received a letter from Bank of America dated January 28, 2019 stating that "his" account ending 3753 was credited for fraudulent activity yet he would be responsible for the remaining balance. It did not specify the amount of funds refunded to Plaintiff nor did it specify the remaining balance allegedly owed.

40. To date, Plaintiff has never received any credit card statements for either of the two Bank of America accounts which are the subject of this dispute.

41. To date, all Defendants have failed to report the proper information on Plaintiff's credit reports despite having been given ample notice of these errors.

# CAUSES OF ACTION

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b) – EQUIFAX, EXPERIAN, AND TRANSUNION

42. The Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-one (41) as if fully set forth herein.

43. Equifax, Experian, and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

44. As a result of Equifax, Experian, and TransUnion's violations of 15 U.S.C. § 1681e(b) Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

45. The violations by the CRA Defendants were willful, rendering each of them individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

46. In the alternative, the CRA Defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a) – EQUIFAX, EXPERIAN, and TRANSUNION

48. The Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-one (41) as if fully set forth herein.

49. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from each of the Plaintiff's credit files.

50. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff.

51. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from each of the Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

52. As a result of Equifax's, Experian's and TransUnion's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

53. The violations by Equifax, Experian, and TransUnion were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54. In the alternative, Equifax, Experian, and TransUnion were each negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Equifax, Experian, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(A) and (B) – BANK OF AMERICA

56. The Plaintiff re-alleges and incorporates all Paragraphs one (1) through forty-one (41) as if fully set forth herein.

57. On at least one occasion within the past two years, by example only and without limitation, Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

58. On one or more occasions within the past two years, by example only and without limitation, Bank of America violated 15 U.S.C.§1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

59. When the Plaintiff mailed his detailed, written disputes and enclosures to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers such as Bank of America. It is an automated system and the procedures used by the CRAs are systemic and uniform.

60. Bank of America understood the nature of the Plaintiff's disputes when it received the ACDVs from Equifax, Experian, and TransUnion.

61. When Bank of America received the ACDVs from Equifax, Experian, and Trans Union, it as well could have reviewed its own systems and previous communications with the Plaintiff and discovered that Bank of America in fact had never issued either of the two credit cards to Plaintiff that he disputed, which were both reflected as being in delinquent status on the Plaintiff's' consumer reports.

62. Notwithstanding the above, Bank of America follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all Bank of America does is review its own internal computer screen for the account and repeat back to the ACDV system the same information Bank of America already had reported to the CRAs.

63. When Bank of America receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

64. As a result of Bank of America's violations of 15 U.S.C. §1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: accrual of debt that does not belong to him, loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

65. The violations by Bank of America were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.
In the alternative, Bank of America was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

66. The law in this District, the Fourth Circuit, and even nationally has long ago been articulated to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

67. Bank of America was aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's disputes.

68. Discovery will show that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Bank of America intended its employees or agents to follow.

69. As a result of Bank of America's conduct, Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D) – BANK OF AMERICA

11

70. The Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-one (41) as if fully set forth herein.

71. On one or more occasions within the past two years, by example only and without limitation, Bank of America violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the Bank of America's inaccuracies within Plaintiff's credit files with Equifax, Experian, and TransUnion without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

72. Specifically, Bank of America failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to Equifax, Experian, and Trans Union.

73. On information and belief, Plaintiff alleges that Bank of America rarely, if ever, adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

74. Bank of America knew that the Plaintiff disputed that the two credit card accounts belonged to him on multiple occasions directly with Bank of America and its agents.

75. The Plaintiff's disputes were, at a minimum, *bone fide.*

76. In fact, the Plaintiff's disputes were justified because he denied having Bank of America credit cards issued to him and Bank of America never provided any information to prove Plaintiff was the individual who opened either credit card account.

77. Bank of America was aware of the *Saunders v. B.B. & T.* FCRA decision by the Fourth Circuit when it followed the ACDV procedures used regarding the Plaintiff's disputes.

12

78. On information and belief, the Plaintiff alleges that the procedures followed regarding the Plaintiff's FCRA disputes through e-Oscar were the procedures that Bank of America intended its employees or agents to follow.

79. On information and belief, the Plaintiff alleges that Bank of America's employee or agent did not make a mistake (in the way in which he or she followed Bank of America's procedures) when he or she received, processed and responded to the Equifax, Experian, and TransUnion ACDVs and did not include the XB code in the CCC field.

80. On information and belief, the Plaintiff alleges that Bank of America has not materially changed its FCRA investigation procedures regarding the CCC field in ACDVs after learning of its failures in this case.

81. As a result of Bank of America's violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

82. The violations by Bank of America was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

83. In the alternative, Bank of America was negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

84. The Plaintiff is entitled to recover actual damages, punitive damages, costs and attorney's fees from Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for pre-judgment and

post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

*/s/ Leonard A. Bennett*
Leonard A. Bennett (N.C. Bar No. 21576)
Craig C. Marchiando (*pro hac vice forthcoming*)
Elizabeth Hanes (*pro hac vice forthcoming*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel. – (757) 930-3660
Fax – (757) 930-3662


*/s/ Janelle Neal*
Janelle Neal, Esq.
Florida Bar No.: 774561
*(pro hac vice application pending)*
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
JNeal@forthepeople.com;
RKnowles@forthepeople.com

*Attorneys for Plaintiff*